*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *RAMONA R. MOORE,* )  | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | *Docket No. 04-200-P-C* |
| ) | |
| *JO ANNE B. BARNHART,* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| *Defendant* ) | |

### *REPORT AND RECOMMENDED DECISION[1]*

The plaintiff in this Supplemental Security Income ("SSI") appeal contends that the administrative law judge improperly made medical determinations, gave inappropriate weight to the opinion of a treating physician and failed to develop the record properly. She also asserts that the evidence elicited from a vocational expert was insufficient. I recommend that the court remand the case for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 .2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had chronic fatigue syndrome and hypoglycemia, impairments that were severe but did not meet or equal the criteria of any of those listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Record at 23 & Findings 2-3, *id*. at 26; that the

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on May 19, 2005, (*continued on next page*)

plaintiff's allegations concerning her limitations were not totally credible, Finding 4, *id.* at 26; that she had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently and to sit for six hours and stand or walk for six hours during an eight-hour work day, while avoiding hazardous areas and being limited to simple, repetitive work activity, Finding 6, *id.*; that, given her age (younger individual), education (high school or equivalent), lack of past relevant work and residual functional capacity for a significant range of light work, use of Rule 202.20 from Appendix 2 to Subpart P, 20 C.F.R. Part 404 (the "Grid") as a framework for decision-making led to the conclusion that the plaintiff was capable of performing a significant number of jobs in the national economy, including cleaner, fast food worker, cashier and assembler, Findings 7-11, *id.* at 26-27; and that the plaintiff accordingly was not under a disability as that term is defined in the Social Security Act at any time through the date of the decision, Finding 12, *id.* at 27.  The Appeals Council declined to review the decision, *id.* at 8-9, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.,* 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Richardson v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work.  20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987);

---

pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to (*continued on next page*)

*Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The plaintiff asserts both that "[t]here is no substantial support in the record for the ALJ's conclusion that the claimant, suffering from [chronic fatigue syndrome], can walk and stand up to six hours per day," and that the administrative law judge "fashioned his own" assessment of her residual functional capacity (RFC) without the assistance of a medical advisor or medical evidence "which is clearly translated into lay terms." Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 8) at 2-4.

The state-agency physician whose RFC assessment appears in the record did mention "chronic fatigue" but found no physical restrictions at all; he stated that "[s]ymptoms alone do not establish an impairment. No physical impairment." Record at 209. The plaintiff assails this assessment for failing to cite SSR 99-2p, Statement of Errors at 2, 4, but it is not the state-agency reviewer's report that is at issue on this appeal. The court reviews the commissioner's decision; the content of the documentation used in reaching that decision cannot itself provide justification for remand. Moreover, SSR 99-2p deals with the requirements for finding chronic fatigue syndrome to be a medically determinable impairment. Social Security Ruling 99-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004) at 197-206. Since the administrative law judge has found that the plaintiff's chronic fatigue syndrome is a severe medically-determinable impairment, SSR 99-2p is irrelevant to this court's review of the commissioner's determination.

---

relevant statutes, regulations, case authority and page references to the administrative record.

Presumably, the plaintiff does not wish to contest the finding that she did suffer from chronic fatigue syndrome and that it was a severe impairment. The state-agency assessment of RFC that is challenged by the plaintiff does provide support for the administrative law judge's conclusion to the extent that it is less restrictive than the RFC assigned by the administrative law judge with respect to the ability to stand and walk. The plaintiff cannot be entitled to remand on the basis of a finding that is more favorable to her than the evidence in the administrative record appears to support.

The plaintiff fares better with her attack on the RFC assigned by the administrative law judge as involving the making of impermissible direct medical determinations. "With a few exceptions . . . an ALJ, as a lay person, is not qualified to interpret raw data in a medical record." *Manso-Pizarro*, 76 F.3d at 17. "[W]here the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a commonsense judgment about functional capacity even without a physician's assessment." *Id.* The problem in this case is that the administrative law judge found that a severe impairment of chronic fatigue syndrome existed but then discounted the very evidence relevant to determining its existence when assessing the limitations imposed by that severe impairment. Record at 21-24. I agree that the administrative law judge was in this instance interpreting raw data in a medical record. The administrative law judge discusses, *id.* at 22-23, the opinion of Meryl Nass, M.D., a consulting physician who apparently saw the plaintiff once, that the plaintiff "[met] the CDC research definition of chronic fatigue syndrome, but the lack of fibromyalgia[,] memory loss, sleep disturbance and irritable bowel syndrome make it less likely," *id.* at 201. However, that opinion raises a question about the diagnosis itself; it does not support a finding that the chronic fatigue syndrome had no effect on the plaintiff's ability to perform work activities beyond limiting her to lifting ten pounds, sitting and standing for six hours, avoiding hazardous areas and simple, repetitive work activity. The administrative law judge does state, *id.* at 24, that "there is no consistent, reproducible objective

4

evidence to support the sustained severity of [the plaintiff's] complaints," that the plaintiff's complaints are shown by the medical records to be inconsistent, that many of the symptoms discussed in SSR 99-2p are not mentioned in the plaintiff's medical records, and that the treating physician, James E. Eshleman, D. O., *id*. at 176, "does not objectively support the diagnosis with functional limitations," *id*. at 24, none of these observations provides support for the specific limitations found by the administrative law judge.  There is little or no "positive evidence" in the record to support the limitations adopted by the administrative law judge.  *See Rosado*, 807 F.2d at 294.  This lack of evidence requires remand.

For the guidance of the parties, I will briefly address the remaining issues raised by the plaintiff.  She challenges the administrative law judge's finding, Record at 27, that the jobs of cleaner and fast food worker are available to her because, she claims, they are inconsistent with the limitations of her chronic fatigue syndrome, Statement of Errors at 4.  This issue can only be addressed on remand.  She challenges the finding, Record at 27, that the sedentary jobs of cashier and assembler are available to her.  She contends that the general educational development levels assigned to the cashier job by the Dictionary of Occupational Titles (DOT) is more than R 1, which is the only level consistent with a restriction to simple, repetitive work. Statement of Errors at 5.  She cites my recommended decision in *Trebilcock v. Barnhart*, Docket No. 04-18-P-S, in support of this argument. *Id.*  While that recommended decision does not state that only a level of R 1 is consistent with a limitation to simple, repetitive work, it does support the conclusion that a level of R 4, which apparently is that assigned to the cashier position at issue here, is not consistent with such a limitation.  The plaintiff attacks the finding that the assembler job is available to her, even though two DOT assembler jobs have general educational development levels of R 1, because the vocational expert was not asked to identify the specific DOT assembler jobs to which he referred.  Statement of Errors

5

at 5.  This court has frequently undertaken, with the assistance of counsel, including the attorney representing the plaintiff in this case, to determine the applicable DOT "codes" identifying specific jobs when the vocational expert and the administrative law judge have failed to identify them.  The unpublished opinion from the District of New Hampshire offered by the plaintiff in support of her position, *id.* at 5-6,  that the failure to list specific DOT codes, standing alone, requires remand does not so hold, Memorandum and Order, *Colby v. Barnhart*, Docket No. 03-189-PB (D. N.H. July 27, 2004), at 17-18.  It is a position that makes little practical sense when one or more DOT codes listed under the job title used by the vocational expert and/or the administrative judge is fully compatible with the limitations found by the administrative law judge.

The plaintiff also argues, Statement of Errors at 6-7,  that the administrative law judge failed to give proper weight to the opinion of Dr. Eshleman, referring to his opinion, Record at 193,  that she was unable to work.  She acknowledges that this opinion is not entitled to controlling weight because it addresses an issue reserved to the commissioner, Statement of Errors at 7, but contends that the administrative law judge "improperly ignored or rejected" unspecified medical evidence from Dr. Eshleman "of health problems which pose significant limitations on [the plaintiff's] basic abilities to work," *id.*[2]  The administrative law judge found that Dr. Eshleman did not support his diagnosis of chronic fatigue syndrome with objective evidence of functional limitations, Record at 24, and that it was contradicted by other evidence in the record, *id*. at 22.  This is a rather conclusory statement of the administrative law judge's reasons for rejecting Dr. Eshleman's diagnosis, *see* 20 C.F.R.

---

[2] When asked at oral argument to specify the medical evidence in Dr. Eshleman's records that supports any limitation on the plaintiff's ability to work that was ignored or rejected by the administrative law judge, counsel for the plaintiff replied that a diagnosis of chronic fatigue syndrome, standing alone, means that an individual is incapable of working for six to eight hours per day. Counsel cited no authority for this assertion other than common knowledge.   Case law suggests that the plaintiff's position is incorrect. *See, e.g., Holiday v. Barnhart*, 76 Fed.Appx. 479, 481-82, 2003 WL 22287408 at \*\*2 (3d Cir. Oct. 6, 2003) (upholding finding that claimant found to have CFS as severe impairment able to perform past relevant work); *Smethers v. Barnhart*, 2005 WL 417800 (E.D.Pa. Feb. 22, 2005), at \*5 (after determining that ALJ should have found CFS to be severe medically determinable impairment, case remanded for consideration of Steps 3-5).

6

416.927(d)(2), but, in the absence of identification by the plaintiff of specific limitations found by Dr. Eshleman to be caused by her severe medical impairments, the plaintiff offers no basis for remand on this ground.

Finally, the plaintiff asserts that the administrative law judge failed to develop the record properly, citing 20 C.F.R. § 416.912(e)(1). Statement of Errors at 7-8. That regulation requires an administrative law judge to recontact a treating physician when the evidence received from that physician "is inadequate for us to determine whether you are disabled." The duty to recontact a treating physician for clarification of the basis of a treating source's opinion on an issue reserved to the commissioner is triggered only when (i) "the evidence does not support a treating source's opinion" and (ii) "the adjudicator cannot ascertain the basis of the opinion from the case record[.]" Social Security Ruling 96-5p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2004), at 127. A claimant must make a showing of prejudice to warrant remand on the basis of failure to develop the record. *See Faria v. Commissioner of Soc. Sec.*, No. 97-2421, 1998 WL 1085810, at \*\*1 (1st Cir. Oct. 2, 1998) (affirming district court's denial of Social Security appeal in case in which claimant had not shown how he was prejudiced by administrative law judge's failure to secure treatment notes or ask further questions); *see also, e.g., Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997) (claimant who "fail[s] to point to any specific facts that were not brought out during the hearing, and fail[s] to provide any new medical evidence" has not shown prejudice; "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand.") (citation and internal quotation marks omitted) (cited with favor in *Faria*). The plaintiff here has failed to identify any conflict or ambiguity in the evidence from Dr. Eshleman that must be resolved; the administrative law judge merely evaluated Dr. Eshleman's records and concluded that

they did not support his conclusion that the plaintiff was unable to work at all.  The plaintiff has failed to demonstrate that it was necessary for the administrative law judge to recontact Dr. Eshleman.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **REVERSED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 24th day of May, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge
